# EXHIBIT A

Case 1:12-cv-02840-CAP   Document 33-1   Filed 04/30/13   Page 1 of 15

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

Through this Settlement Agreement and General Release ("Settlement Agreement"), Jodi Liggett ("Liggett") and Atlanta Peach Movers, Inc. ("Peach Movers") (collectively, the "Parties"), by and through their respective counsel of record, hereby agree to settle *Jodi Liggett v. Atlanta Peach Movers, Inc.*, Civil Action No. 1:12-cv-02840-CAP, currently pending in the United States District Court for the Northern District of Georgia, Atlanta Division (the "Action").

### I.

### RECITALS

1. WHEREAS, Liggett filed the Action against Peach Movers alleging certain claims relating to her former employment with Peach Movers including claims for unpaid overtime pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*

2. WHEREAS, Peach Movers denies any liability or wrongdoing of any kind associated with Liggett or the claims alleged. Peach Movers further contends that it has complied with all state and federal laws and that Liggett was exempt from the FLSA's minimum wage and overtime requirements at all relevant times.

3. WHEREAS, the Parties desire to settle the Action and any and all claims, charges, filings, administrative proceedings or allegations related in any manner to Liggett's employment, compensation, and/or resignation from employment at Peach Movers that Liggett may now have or claim to have against the Released Parties (as defined below), including, but not limited to, any and all claims that are brought or that could have been brought against Peach Movers in the Action.

4. WHEREAS, Liggett agrees to cooperate and take all steps necessary and appropriate to effectuate the terms of this Settlement Agreement including dismissing, with prejudice, the Action.

## II.
## DEFINITIONS

5. "Action" shall mean the case styled *Jodi Liggett v. Atlanta Peach Movers, Inc.*, Civil Action No. 1:12-cv-02840-CAP, currently pending in the United States District Court for the Northern District of Georgia, Atlanta Division.

6. "Court" shall mean in the United States District Court for the Northern District of Georgia, Atlanta Division.

7. "Parties" shall mean Liggett and Peach Movers.

8. "Liggett's Counsel" shall mean, collectively, C. Ryan Morgan, Morgan & Morgan, P.A., 20 N. Orange Ave., 14th Floor, Orlando, FL 32802-4979 and Julie M. Weiner, Law Office of Julie M. Weiner, P.O. Box 669402, Marietta, GA 30066.

9. "Peach Movers' Counsel" shall mean David W. Long-Daniels, Esq., Greenberg Traurig LLP, 3333 Piedmont Road NE, Suite 2500, Atlanta, GA 30305.

10. "Released Claims" shall mean all claims, arbitrations, actions, charges, and administrative filings asserted by, or that could be asserted by, Liggett against the Released Parties.

11. "Released Parties" shall mean Peach Movers and all of its respective current and former officers, board members, directors, employees, partners, shareholders, agents, attorneys, insurers, predecessors, successors, parent or holding companies, subsidiaries, assigns,

management, representatives, associates, fiduciaries, affiliates, related companies, and any entities affiliated in any manner with any such persons or entities.

12. "Released Period" shall mean the period from the start of time to the date Liggett signs this Settlement Agreement.

13. "Settlement Payment(s)" shall mean the amount that Liggett receives as consideration in exchange for her promises made herein.

### III.
### SETTLEMENT PAYMENT

14. In consideration of Liggett's covenants and promises in this Settlement Agreement, Liggett will receive two Settlement Payments as a full and final settlement of the above-referenced Action, as well as any and all claims, arbitrations, actions, charges, or administrative filings or proceedings Liggett has or may have against the Released Parties. The two payments will be as follows: 1) a payment of $4,000.00 intended to cover Liggett's attorney fees; and 2) a payment of $2,000.00, minus withholdings for taxes and other applicable deductions.

15. The Settlement Payments will be issued in two checks. The first check will be made out to Morgan & Morgan, P.A., in the amount of $4,000.00, for attorneys' fees and costs to date. The second check will be made out to Jodi Liggett in the amount of $2,000.00. Liggett agrees and understands that Peach Movers shall issue her a W-2 Form with respect to the $2,000.00 amount. Peach Movers will also issue a Form 1099 to Morgan & Morgan, P.A. for the $4,000.00 amount. The Settlement Payment will be mailed to Liggett's counsel within (10) days after the Court has approved this Settlement Agreement and the parties have filed a Joint Motion for Approval of this Settlement Agreement and Order for Dismissal with Prejudice of

this Action, without costs or fees to any party. However, in no event shall the Settlement Payment be issued prior to the expiration of the revocation period described in paragraph 42 of this Settlement Agreement.

16. Liggett acknowledges and agrees that Peach Movers has made no representations to her regarding the tax consequences of any amounts received by her pursuant to this Settlement Agreement.

## IV.
## WAIVER OF RE-EMPLOYMENT

17. Liggett represents that she does not desire reemployment with Peach Movers or any of the Released Parties and hereby waives any rights she may otherwise have to employment with Peach Movers or any of its parents, subsidiaries or affiliates. Liggett further agrees and promises that she will not at any time seek employment with any of the Released Parties. Liggett agrees that this Settlement Agreement shall constitute a complete and absolute bar to any and all claims by Liggett related to any and all refusals by Peach Movers or any of the Released Parties to employ Liggett, and shall serve as good cause, non-retaliatory and non-discriminatory grounds for failure to hire her. If Liggett is inadvertently hired by any of the above-described entities, Liggett covenants that she will resign her employment immediately after receiving notice, and that this Settlement Agreement shall constitute good cause, non-retaliatory and non-discriminatory grounds for immediate termination of employment. Liggett further acknowledges that the intent of this Settlement Agreement is that the Parties, including Released Parties, unequivocally and irrevocably separate all relations from each other, hence forth and forever more.

# V.
## RELEASE OF CLAIMS AND OTHER REPRESENTATIONS BY LIGGETT

18. In consideration of the Settlement Payment and other good and valuable consideration the receipt and sufficiency of which is hereby acknowledged, Liggett, her personal representatives, heirs, successors and assigns, hereby fully, forever, and finally releases and discharges the Released Parties, from her claims asserted in the Action and any and all claims, demands, actions, or causes of action, administrative actions, charges, damages, or suits at law or equity, of whatsoever kind or nature, including, but not limited to, all claims and/or demands for backpay, overtime pay, retirement benefits, front pay, unpaid commissions, group insurance or employee benefits, injunctive relief, compensatory or emotional distress damages, punitive damages, attorneys' fees, cost, and all other claims for monies and/or expenses arising out of or in any way connected with, directly or indirectly, any act and/or omission that has occurred during the Released Period. Liggett acknowledges, understands and agrees that, by executing this Settlement Agreement, she is releasing all of the Released Parties from any and all claims, including, but not limited to, any claims arising under Title VII of the Civil Rights Act of 1964, as amended; the Pregnancy Discrimination Act, as amended; the Rehabilitation Act of 1973, as amended; the Americans with Disabilities Act of 1991, as amended; the Employee Retirement Income Security Act of 1974, as amended; the Equal Pay Act of 1963, as amended; the Lilly Ledbetter Fair Pay Act; the Consolidated Omnibus Budget Reconciliation Act ("COBRA"); the American Recovery and Reinvestment Act of 2009 (amended COBRA); the Civil Rights Act of 1866; the Civil Rights Act of 1871; the Age Discrimination in Employment Act of 1967; the Genetic Information Nondiscrimination Act of 2008 ("GINA"); the Family and Medical Leave

Act; the Workers Adjustment and Retraining Notification Act; the Immigration Reform and Control Act, as amended; the Fair Credit Reporting Act; the Sarbanes-Oxley Act of 2002; the Fair Labor Standards Act; all claims under any employment, contract, tort or civil rights laws, including, but not limited to, any claims of wrongful discharge, discrimination, retaliation, breach of contract, defamation, assault, battery, negligent hiring, negligent retention, negligent supervision, intentional infliction of emotional distress, negligence, and other personal injury laws; claims arising under any federal, state, or local statute, regulation, constitution, or other law; claims under any workers' compensation laws; and any other claims or charges arising during the Released Period.

19.     Liggett represents and warrants that she has not filed or otherwise initiated any additional legal action or administrative proceeding of any kind against any of the Released Parties and has no knowledge that (i) any such legal action or administrative proceeding has been filed or otherwise initiated or (ii) is contemplated or threatened by any other person or entity. Liggett also hereby irrevocably and unconditionally waives and relinquishes any right to seek or recover any monetary relief or other individual remedies for or on account of any of the Released Claims whether for Liggett, as a representative, or on behalf of others.

## VI.
## INDEMNITY

20. Liggett shall indemnify and hold harmless the Released Parties from and against any liability or loss, and for any reasonable cost, expense (including attorneys' fees), judgment, or settlement, based on or arising out of any breach of this Settlement Agreement by Liggett.

## VII.
## PUBLICATION & NONDISPARAGEMENT

21. The Parties agree that, in exchange for the mutual consideration promised herein, they will not seek to publicize these settlement proceedings, or the terms of the Settlement Agreement, or any events related thereto, except to the extent necessary in any legal proceeding involving the enforcement of this Settlement Agreement or as is otherwise required by law.

22. The Publication Provision set forth in this paragraph shall not be deemed to be breached by the parties' disclosure of this document and/or the terms of this Settlement Agreement to their accountant, attorney, financial planner, the Internal Revenue Service or other taxing authorities as may be necessary in order for the parties to receive financial or legal advice related to these settlement proceeds.

23. Liggett will give Peach Movers reasonable notice if she is subpoenaed before any judicial body for proceedings in which the terms of the Settlement Agreement are at issue or might otherwise be revealed.

24. With regard to any inquiries concerning the matters outlined in the Settlement Agreement, the parties covenant to respond only that, "The matter has been resolved."

25. Liggett further agrees that she shall not disparage Peach Movers or any of the

Released Parties in any manner, including, but not limited to, making any negative comments about Peach Movers, its employees, its customers, its services, or any of the Released Parties.

## VIII.
## DISMISSAL WITH PREJUDICE

26. Within seven (7) days of the date the Parties execute this Agreement, Liggett and Peach Movers shall file a Joint Motion for Approval of this Settlement Agreement and Order for Dismissal with Prejudice of this Action with the Court.

## IX.
## MUTUAL FULL COOPERATION

27. The Parties agree to cooperate fully with each other to accomplish the terms of this Settlement Agreement, including but not limited to, execution of such documents, and to take such other action as may reasonably be necessary to implement the terms of this Settlement Agreement. The Parties shall use all reasonable efforts, including all efforts contemplated by this Settlement Agreement and any other reasonable efforts that may become necessary by order of the Court, or otherwise, to effectuate the terms of this Settlement Agreement.

## X.
## NO PRIOR ASSIGNMENTS

28. Liggett represents, covenants, and warrants that she has not directly or indirectly, assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or right released and discharged in this Settlement Agreement.

## XI.
## NO ADMISSION

29.     Nothing contained in this Settlement Agreement shall be construed or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of Peach Movers, and Peach Movers denies liability therefore. Each of the Parties has entered into this Settlement Agreement with the intention to avoid further disputes and litigation with the attendant inconvenience and expenses. This Settlement Agreement is a settlement document and shall be inadmissible in evidence in any proceeding, except an action or proceeding to approve, interpret, or enforce its terms.

## XII.
## ENFORCEMENT ACTIONS

30.     No later than ten (10) days prior to initiating any action to enforce this Settlement Agreement, Liggett's Counsel and Peach Movers' Counsel shall meet and confer concerning any disputes under this Settlement Agreement. If one of the Parties institutes any legal action or other proceeding against the other party to enforce the provisions of this Settlement Agreement or to declare rights and/or obligations under this Settlement Agreement, the successful party shall be entitled to recover from the unsuccessful party reasonable attorneys' fees and costs, including expert witness fees incurred in connection with any enforcement actions.

## XIII.
## NOTICES

32.     Unless otherwise specifically provided herein, all notices, demands or other communications given hereunder shall be in writing and shall be deemed to have been duly given as of the third (3rd) business day after mailing by United States registered or certified mail, return receipt requested, addressed as follows:

| To Liggett: | To Peach Movers: |
|---|---|
| C. Ryan Morgan<br>Morgan & Morgan, P.A.<br>20 N. Orange Ave., 14th Floor<br>Orlando, FL 32802-4979 | David W. Long-Daniels, Esq.<br>GREENBERG TRAURIG, LLP<br>3333 Piedmont Road NE \| Suite 2500 \| Atlanta, GA 30305 |

## XIV.
## CONSTRUCTION

33.     The Parties agree that the terms and conditions of this Settlement Agreement are the result of lengthy, intensive arms-length negotiations between the Parties and that this Settlement Agreement shall not be construed in favor of or against any party by reason of the extent to which any party or its counsel participated in the drafting of this Settlement Agreement.

## XV.
## CAPTIONS AND INTERPRETATIONS

34.     Paragraph titles or captions contained in this Settlement Agreement are a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Settlement Agreement or any provision. Each term of this Settlement Agreement is contractual and not merely a recital.

## XVI.
## MODIFICATION

35.     This Settlement Agreement may not be changed, altered, modified, or waived except in a writing signed by Liggett, Liggett's Counsel, and Peach Movers' Counsel. This Settlement Agreement may not be discharged except by performance in accordance with its terms.

## XVII.
## INTEGRATION CLAUSE

36. The Parties acknowledge and agree that this Settlement Agreement constitutes a full, final, and complete settlement of the subject matter hereof and supersedes and replaces any and all other written or oral exchanges, agreements, understandings, arrangements, or negotiations between them relating to the subject matter hereof, and affirmatively state that there are no other prior or contemporaneous agreements, exchanges, representations, arrangements, or understandings, written or oral, between them relating to the subject matter hereof other than that as set forth herein, and that this Settlement Agreement contains the sole and entire agreement between them with respect to the subject matter hereof. Liggett and Peach Movers further acknowledge and agree that language proposed for, deleted from, or otherwise changed in any drafts of this Settlement Agreement but not included herein shall not in any way affect the rights and obligations of the Parties.

## XVIII.
## BINDING ON ASSIGNS

37. This Settlement Agreement shall be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors, and assigns.

## XIX.
## COUNTERPARTS

38. This Settlement Agreement may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Settlement Agreement, which shall be binding upon and effective as to all Parties. Facsimiles and copies shall be treated as originals.

## XX.
## GOVERNING LAW

39. The Parties agree that this Settlement Agreement shall be interpreted, construed, and enforced in accordance with the substantive laws of the State of Georgia without reference to conflict of law principles.

## XXI.
## SEVERABILITY

40. Should any provision of this Settlement Agreement be found invalid or unenforceable for any reason by a court with jurisdiction over the interpretation of this Settlement Agreement, such finding shall not invalidate or make unenforceable any other provision of the Settlement Agreement or affect in any way whatsoever the validity or enforceability of the Settlement Agreement as a whole.

## XXII.
## SUFFICIENT TIME TO REVIEW
## KNOWING & VOLUNTARY RELEASE

41. **Liggett understands and agrees:**

    (a) That she has the right to consult with legal counsel regarding this Agreement and is encouraged to consult with legal counsel with regard to this Agreement;

    (b) That she has had (or has had the opportunity to take) twenty-one (21) calendar days to discuss this Agreement with a lawyer of her choice before signing it and, if she signs before the end of that period, she does so of her own free will and with the full knowledge that she could have taken the full period;

    (c) That she is entering into this Agreement freely and voluntarily and not as a result of any coercion, duress or undue influence;

(d)     That she is not relying upon any oral representations made to her regarding the subject matter of this Agreement;

(e)     That this Agreement provides additional consideration to that which she was already entitled; and

That she has received all information she requires from Peach Movers in order to make a knowing and voluntary release and waiver of all claims against it.

## XXIII.
## REVOCATION PERIOD

42.     Liggett acknowledges and agrees that she has seven (7) days from the date of the execution of this Agreement within which to rescind or revoke this Agreement by providing notice in writing to Peach Movers' counsel.  If, after signing, Liggett chooses to revoke this Agreement, she must do so by notifying Peach Movers' Counsel in writing.  This written notice of revocation must be delivered pursuant to the terms described in Section XIII, herein.

43.     Liggett further understands that the Agreement will have no force and effect until the end of that seventh (7th) day and that the dismissal of all claims will not be made until after the seven-day period has expired.

IN WITNESS WHEREOF, the parties hereto have executed this Settlement Agreement as of the Execution Date.

_____
Jodi Liggett

Date: ___4-11___, 20_13_

Atlanta Peach Movers, Inc.

By: _____
Its: ___President, Orlando Lynch___

Date: ___April 9th___, 20_13_